Filed 1/22/26  P. v. Jimenez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOSE VALDEZ JIMENEZ, Defendant and Appellant. | G064984 (Super. Ct. No. 21CF0976) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge. Affirmed with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General,

Christopher P. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Appellant.

*     *     *

Defendant Jose Valdez Jimenez raises a single issue on appeal: whether the abstract of judgment should be amended to reflect the trial court's order that the $40 court security fee and the $30 criminal conviction assessment be waived. The Attorney General does not oppose such an amendment.

At defendant's sentencing hearing, the following colloquy occurred between the trial court and counsel:

"The Court: . . . $300 state restitution fine. $300 parole revocation fee is ordered and stayed. $30 and $40 court fees. DNA testing pursuant to Penal Code Section 296. [¶] Restitution really wasn't addressed in the [probation and sentencing] report. All it has is a paragraph that says family and victim never returned the paperwork for restitution to probation.

"Ms. McIntyre [district attorney]: If the court would just retain jurisdiction, your Honor.

"The Court: I will retain jurisdiction in the matter. [¶] Okay. As far as sentencing, I think that's all I need to do. Correct?

"Mr. Jones [defense counsel]: I would request that—there may be fines or fees, and I request the court waive those.

"The Court: I will waive the 40—the $30 and $40 fees. Nothing else. Just the $30 and $40 court fees."

The trial court's minutes reflect the waiver of these fees. The abstract of judgment, however, imposes the court security fee and the criminal conviction assessment as financial obligations against defendant.

2

It is well established that "[w]here there is a discrepancy between the oral pronouncement of judgment and . . . the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) It is clear in this case that the abstract of judgment does not reflect the oral pronouncement of judgment as to the court security fee and the criminal conviction assessment.

## DISPOSITION

The trial court is directed to correct the abstract of judgment by striking the $40 court security fee and the $30 criminal conviction assessment, prepare a corrected abstract of judgment, and forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


BANCROFT, J.*

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3